UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 04 CR 0705 |
| ) | |
| AARON PATTERSON and ) | Judge Rebecca R. Pallmeyer |
| MARK MANNIE ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Aaron Patterson and Mark Mannie are charged in a thirteen-count indictment with conspiracy to distribute heroin and marijuana, possession with intent to distribute heroin and marijuana, and illegal possession of a firearm, all stemming from a series of incidents between March and August 2004. The government has filed a motion *in limine* to exclude any testimony from Defendant's mental health experts. Specifically, the government urges that (1) Patterson's refusal to cooperate with the government's mental health expert precludes the introduction of such evidence by the defense under Rule 12.2(d) of the Federal Rules of Criminal Procedure and (2) that the defense is also precluded from introducing such evidence due to its failure to comply with the notice and disclosure requirements of Rule 12.2(b) and Rule 26.2. Finally, the government claims that any mental health testimony regarding Patterson's alleged reverse-sting operation should be excluded as irrelevant.

Under Rule 12.2 of the Federal Rules of Criminal Procedure, a defendant who intends to assert an insanity defense must provide written notice to the government prior to trial. FED.R.CRIM.P. 12.2(a). In addition, the defendant must present written notice of his intent to introduce expert testimony relating to a mental disease or defect, or any other mental condition

related to guilt or innocence, including the name of the expert witness(es) and the general substance of that witness's testimony. FED.R.CRIM.P. 12.2(b); *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir. 1986). Although the court may, for good cause, allow the defendant to file such notice late or grant additional trial preparation time upon such notice, a defendant who fails to provide pretrial notice may be precluded from asserting such a defense at trial. *Id.* Furthermore, under Rule 12.2, when a criminal defendant provides notice of an intent to present an insanity defense or expert evidence of a mental condition, the government may move pursuant to 18 U.S.C. § 4242 for an order requiring the defendant to undergo an examination by a mental health expert retained by the government. FED.R.CRIM.P. 12.2(c)(1). Again, if the defendant refuses to submit to an examination under Rule 12.2(c), the court "may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt...." FED.R.CRIM.P. 12.2(d); *see also United States v. Campbell*, 675 F.2d 815, 820 (6th Cir. 1982) (recognizing authority of court to preclude testimony of defense experts when defendant refused to submit to government examination); *United States v. Byers*, 740 F.2d 1104, 1154 n.95 (D.C. Cir. 1984) (recognizing same), citing *United States v. Handy*, 454 F.2d 885, 888-89 (9th Cir. 1971); *United States v. Baird*, 414 F.2d 700, 707 (2d Cir. 1969); *United States v. Harding*, 219 F.R.D. 62, 64 (S.D.N.Y. 2003) (precluding introduction of defense mental health expert in light of defendant's refusal to submit to examination by government expert).

The government argues that the defense has not formally complied with the notice requirement of Rule 12.2(b), which requires the defendant to provide notice of any expert evidence related to his mental condition, including the name of any expert witnesses and the general substance of each witness's testimony. *Buchbinder*, 796 F.2d at 915. To date, the defense has

provided no such notice. Not until June 27, 2005, in response to the government's motion *in limine*, did the defense first indicate in writing that it intended to use evidence of a mental defect for reasons other than an insanity defense. (Defendant's Response to Government's Oral Motion *in limine* to Exclude Any Evidence of Mr. Patterson's Mental Disease or Defect, Docket No. 178-1.) The response states that "Mr. Patterson has asserted that he did not conspire to distribute a controlled substance, but rather that this mental defect caused him to attempt to conduct a reverse-sting." (*Id.* at 3.) As the government notes, however, this motion did not indicate which, if any, experts the defense will call or what expert evidence it will introduce, nor the nature of this testimony or evidence.

Although defense counsel has not given formal written notice of any expert evidence, they have suggested on many occasions that they intend to mount some sort of mental status defense. In light of this, counsel might argue that the government has received actual notice of their intent to introduce expert evidence regarding Patterson's mental state. As the Seventh Circuit has explained, however, the fact that the government may have received some sort of oral notice or indication that the defense intends to introduce such evidence does not excuse the failure to submit written notice under Rule 12.2(b). *Buchbinder*, 796 F.2d at 913. In *Buchbinder*, defense counsel argued that he had complied with the spirit of Rule 12.2 by telling the government months prior to the trial that he "intended to explore the possibility of a psychiatric examination" and by later informing the government that defendant was to undergo such an examination. *Id.* at 915. In rejecting the suggestion that these oral statements were sufficient, the court noted that "[t]hese statements merely informed the government that [defendant] may present expert testimony; this 'notice' never apprised the government that the defense would in fact present expert witnesses or the

3

general substance of their testimony." *Id.* As the court explained, allowing such oral notice would be inconsistent with the purposes of Rule 12.2:

> One of the reasons that Congress enacted Rule 12.2(b) was to enable the government to prepare for cross-examination of the defendant's expert witnesses and to present any rebuttal witnesses to counter the defense expert's testimony. . . . Obviously, the government cannot conduct its own investigation into the validity of the defense of lack of mental capacity and decide if it will present expert witnesses in rebuttal until such time as it has knowledge of the psychiatric and psychological evidence that defense intends to present.

*Id.* at 915 (internal citation omitted). Ultimately, the court upheld the trial court's decision to bar the introduction of such evidence in light of the fact that Rule 12.2(b) notice was not filed until two weeks before trial. *Id.*

Adding to the prejudice facing the government as a result of the defense's failure to present notice of the nature of any expert testimony that it intends to present at trial is the fact that Patterson has repeatedly refused to submit to an examination by a government mental health expert. The government's expert, Dr. Stafford Henry, has attempted to conduct a mental health evaluation on two occasions. On May 17, 2005, Patterson refused entirely to participate in the evaluation. On May 24, 2005, after being advised by the court that he would be precluded from introducing evidence relating to an insanity defense if he refused to undergo such an examination, Patterson agreed to meet with Dr. Henry and submit to an examination. The competency portion of the examination, lasting roughly the first hour and twenty minutes, occurred largely without incident. After that point, however, Patterson refused to answer questions about his mental state or actions during the time period surrounding the alleged criminal acts, despite the pleas of his attorney that refusing to do so may compromise his defense. Thus, although Dr. Henry was able to complete the

competency portion of his examination, he was unable to conduct a full mental health examination or come to a conclusion regarding Patterson's sanity during the events in question.

Defendant's failure to provide proper written notice under Rule 12.2(b) of their intent to introduce expert evidence regarding Patterson's mental health, coupled with Mr. Patterson's own refusal to cooperate with the government's own mental health expert, as mandated by Rule 12.2(c)(1), leaves the court no choice other than to bar all expert evidence related to Patterson's mental health. Standing now as we are on the eve of trial, the government is left without sufficient time to have Patterson fully examined by its own expert witnesses and prepare psychiatric testimony of its own concerning Patterson's mental condition to rebut the testimony of any defense experts. Moreover, Patterson has to this day maintained that he will not submit to a full mental health examination by the government's expert.

ENTER:

Dated: July 5, 2005

REBECCA R. PALLMEYER
United States District Judge